UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

MONICA LEEANN FAGGART,
          *Defendant-Appellant.*

No. 02-4377

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-01-184-9)

Submitted: March 19, 2003

Decided: March 27, 2003

Before TRAXLER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Michael A. Kolb, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Monica Leeann Faggart appeals her conviction and sentence of sixty months' imprisonment for conspiring to possess with intent to distribute cocaine and cocaine base. Faggart's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), arguing her guilty plea was not entered into knowingly and voluntarily and the district court sentenced her incorrectly. Additionally counsel alleges claims of ineffective assistance of counsel and prosecutorial misconduct. However, counsel states that, in his view, there are no meritorious issues. Advised of her right to file a pro se supplemental brief, Faggart has not done so. Finding no reversible error, we affirm.

Faggart's plea agreement contained a waiver of her right to appeal her conviction and sentence. Whether a defendant validly waived her right to appeal is a question of law, which this court reviews de novo. *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992). A waiver of a defendant's right to appeal contained in a valid plea agreement is enforceable if it is "the result of a knowing and intelligent decision to forego the right to appeal." *United States v. Wessells*, 936 F.2d 165, 167 (4th Cir. 1991). We have reviewed Faggart's plea agreement and the Fed. R. Crim. P. 11 hearing and conclude she knowingly and intelligently waived her right to appeal. Further, we have reviewed Faggart's claims challenging the validity of her guilty plea and find them to be without merit. Consequently, the valid appeal waiver precludes review of her sentencing issues.

Faggart argues her counsel was ineffective. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal unless the trial record conclusively establishes ineffective assistance of counsel. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). To allow for adequate development of the record, ineffective assistance of counsel claims generally should be pursued in a 28 U.S.C. § 2255 (2000) proceeding. *See United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). Because review of the record in this appeal does not conclusively establish ineffective assistance of counsel, we conclude Faggart's claim should be brought, if at all, in a § 2255 proceeding, not on direct appeal. Faggart makes no specific allegation of

prosecutorial misconduct, and none is apparent in the record on appeal.

As required by *Anders*, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Faggart's conviction and sentence. We deny counsel's motion to withdraw. This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*